**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LECIA L. SHORTER,<br><br>           Plaintiff-Appellant,<br><br> v.<br><br>SOUTHERN CALIFORNIA BUICK PONTIAC GMC DEALERS, INC.;<br>MARTIN CADILLAC COMPANY, INC.,<br>DBA Martin Automotive Group;<br>FLASHPOINT COMMUNICATIONS LLC,<br><br>           Defendants-Appellees. | No.   18-56255<br><br>D.C. No.<br>2:16-cv-07181-DMG-FFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted November 19, 2019[**]

Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.

Lecia Shorter appeals from the district court's grant of summary judgment

and dismissal of her claims that the defendants violated her right "to make and

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

enforce contracts," 42 U.S.C. § 1981, when she was not permitted to participate in a test-drive promotion because she did not have proof of insurance. We have jurisdiction under 28 U.S.C. § 1291. The facts of this case are known to the parties, and we do not repeat them here.

I

Shorter claims that the district court errantly granted summary judgment to Martin Automotive Group because this court's decision in *Nat'l Ass'n of African Am.-Owned Media v. Charter Communications, Inc.* (*NAAAOM*), 915 F.3d 617 (9th Cir. 2019), lowers the threshold for a prima facie § 1981 case.

Shorter's appeal is premised on a misunderstanding of the district court's ruling. The district court concluded that Shorter, who is African-American, likely satisfied all the elements of a prima facie case. Where Shorter's case failed was at a later stage in the § 1981 burden-shifting framework in which the burden shifts back to Shorter. Specifically, once Martin produced evidence that it had a legitimate and nondiscriminatory basis for prohibiting the test drive, the burden shifted back to Shorter to show that Martin's explanation was pretextual. The district court correctly concluded that Shorter's only evidence of pretext—her subjective impressions of the attitudes of certain Martin's employees (two of whom are themselves African-American)—is not sufficient to meet such a burden. *See Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1148 (9th Cir. 2006).

2

*NAAAOM* does not alter this final stage in our § 1981 burden-shifting framework. *See NAAAOM*, 915 F.3d at 622–28.

## II

Shorter also claims that the district court erred by dismissing her § 1981 claims against Southern California Buick Pontiac GMC Dealers, Inc. ("Dealers Group") and against Flash Point Communications, LLC. Again she stakes much of her argument on a misunderstanding of *NAAAOM*.

Dismissal of a § 1981 claim is proper when a plaintiff either fails to state a prima facie case or "when defendant's [nondiscriminatory] explanation is so convincing that plaintiff's explanation is implausible." *NAAAOM*, 915 F.3d at 627. The district court correctly dismissed the claims against the Dealers Group and against Flash Point because Shorter failed to state a prima facie case. Specifically, Shorter fails to plead specific facts from which discriminatory intent can be plausibly inferred. *See id.* at 626. Shorter's allegations against the Dealers Group, which sponsored the promotion, are conclusory and are belied by its efforts to help Shorter participate in the promotion. The allegations against Flash Point, which administered the test-drive web promotion, are even more implausible—Flash Point had no way of knowing Shorter's race.

Shorter further claims the motions to dismiss were untimely because the defendants failed to comply with Local Rule 7-3's meet and confer requirements.

The district court did not abuse its discretion by not denying the motions to dismiss on the basis of an alleged violation of Local Rule 7-3. Indeed, it gave multiple compelling reasons for considering the motions.

Shorter finally tries to salvage her claim against the Dealers Group by alleging that there is no "separation of identity" between Martin and the Dealers Group or that they and Flash Point are in a "hub and spoke conspiracy" in violation of 42 U.S.C. § 1985. Assuming such new claims were not forfeited, they are nevertheless baseless. Martin is but one member of the Dealers Group, which is a mutual benefit corporation for dealers around the region. Martin and the Dealers Group are therefore separate entities. *See Mesler v. Bragg Mgmt. Co.*, 702 P.2d 601, 606 (Cal. 1985). Shorter's § 1985 theory fails for the same reason as her § 1981 claims: each requires that the plaintiff plausibly allege the conspirators' "discriminatory animus," which Shorter has not done. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001).

Finally, the district court did not abuse its discretion by denying leave to amend the operative Fourth Amended Complaint based on futility.[1] Such a

---

[1] Flash Point moves for judicial notice of four records from Shorter's state court proceedings against these defendants because such records directly relate to the question of whether further amendment would be futile. The motion for judicial notice is GRANTED.

4

rationale is permissible, *see Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011), and its application in this case is more than reasonable.

**AFFIRMED.**